UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-152** |
| **GEREME TATE** | **SECTION: "G" (4)** |

## ORDER

Before the Court are Defendant Gereme Tate's: **Motion for Discovery and Inspection (R. Doc. 54); Motion for Production of Brady and Giglio Material (R. Doc. 55); Motion for Pre-Trial Production of Jencks Act Material (R. Doc. 56); Motion for Government Agent to Retain Rough Notes (R. Doc. 57); Motion for Disclosure of Identity and Whereabouts And for Interview of Confidential Informant(s) (R. Doc. 58); Motion for Pretrial Disclosure of Government's Intention to Rely on Rule 404(B) Evidence (R. Doc. 59);** and **Motion to Produce Hearsay Statements by Co-Defendants which Implicate the Defendant (R. Doc. 60).** The motions were opposed. R. Doc. 63. The motions were submitted on December 21, 2016.

Defendant Gereme Tate ("Tate") has been indicted on one count of a violation of the Federal Gun Control Act. R. Doc. 1. In particular, the Government alleges that on July 4, 2016, Tate was in possession of a Taurus PT111 9mm pistol after having previously been convicted of a felony on May 1, 2013 for the possession of heroin. *Id.* at p. 2. Tate's possession of the firearm was allegedly in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). *Id*. At this time, Tate has filed a number of pretrial motions mainly seeking certain information from the Government in advance of trial. The Court will address each of these motions in turn.

I.      **Motion for Discovery and Inspection (R. Doc. 54)**

In his first motion, Tate seeks an order from the Court directing the United States Attorney to permit him and his counsel to inspect and copy all Federal Rule of Criminal Procedure 16

1

materials that have not already been voluntarily made available to them. R. Doc. 54, p. 1. The Government has responded that they are not only aware of their obligation under Rule 16 but will also continue to comply with that rule and disclose any discoverable information. R. Doc. 63, p. 1.

It is however unclear whether the government has produced to Tate: (1) his statements or confessions; (2) his prior record; (3) reports of any physical or mental examination; and, (4) a written summary of any Rule 702, 703, or 705 testimony that it intends to use. See Fed. R. Crim. P. 16(a). It is further unclear whether Tate has requested this information in advance of this motion. What is clear is that the Federal Rule of Criminal Procedure does require the Government to disclose certain information, including that listed above, upon the defendant's request. *See, e.g., United States v. Crinel*, No. 15-61, 2016 WL 5779778 at *1 (E.D. La. Oct. 4, 2016); Fed. R. Crim. P. 16(a)(1). Moreover, "[s]ection (d)(2) of Rule 16 provides the district court with several options for remedying a party's failure to comply with the rule, including the option to 'enter any other order that is just under the circumstances.'" *United States v. McGrew*, 165 F. App'x 308, 315 (5th Cir. 2006) (quoting Fed. R. Crim. P. 16(d)(2)(D)). At this time then, in an abundance of caution, the Court grants Tate's motion to the extent that it orders the Government to make all necessary disclosures under Federal Rule of Criminal Procedure 16.

**II.     Motion for Production of Brady and Giglio Material (R. Doc. 55)**

In his second motion, Tate seeks an order from the Court requiring the Government to produce all *Brady*[1] or *Gigilio*[2] information within the Government's possession to the Defendant. R. Doc. 55, p. 1. The Government states that it is aware of its obligations under *Brady* and *Gigilio* and will comply with those obligations. R. Doc. 63, p. 1. To the extent that the requested *Brady*

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).
[2] *Giglio v. United States*, 405 U.S. 150 (1972).

2

material is contained in Jencks Act material[3], the Government further states that it will produce the information when it produces the Jencks Act material. *Id.*

The Court notes that the District Judge has already issued an order concerning the production of *Brady* and *Giglio* information. R. Doc. 67, p. 2 ("Any *Giglio* or *Brady* information must be delivered to defense counsel immediately, but in any event by April 28, 2017 at 12:00 noon."). The Court denies as moot Tate's motion.

### III.   Motion for Pre-Trial Production of Jencks Act Material (R. Doc. 56)

In his third motion, Tate seeks an order from the Court requiring production of all Jencks Act material by the Government at least fourteen (14) days prior to trial. R. Doc. 56, p. 1. The Government argues that Jencks Act material is not statutorily required to be produced until after a witness has testified on direct examination. R. Doc. 63, p. 2. *See also* 18 U.S.C. § 3500(b).

Here, Tate concedes that the Government is right that Jencks Act material is only required to be produced only after a witness has testified, but argues that it would serve judicial efficiency to require production in advance of trial. The Court notes again that the District Judge has already issued an order concerning the production of Jencks Act material, requiring such material to be produced no later than April 28, 2017 at 12:00 noon. R. Doc. 67, p. 2.

### IV.   Motion for Government Agent to Retain Rough Notes (R. Doc. 57)

In his fourth motion, Tate seeks an order from the Court requiring all government law enforcement officers who investigated the charges in the instant case to retain and preserve all rough notes taken as part of the investigation notwithstanding whether or not the contents of the notes are incorporated in official records. R. Doc. 57, p. 1. The Government notes that it intends to retain the rough notes that federal agents have made as well as any rough notes it obtains from

---

[3] 18 U.S.C. § 3500

state investigators. R. Doc. 63, p. 2. Because the Government does not oppose the retention of rough notes, the Court grants Tate's motion.

V.   **Motion for Disclosure of Identity and Whereabouts And for Interview of Confidential Informant(s) (R. Doc. 58)**

In his fifth motion, Tate seeks an order from the Court to disclose the identity and whereabouts of each and all confidential informants used by the Government in this case. R. Doc. 58, p. 1. Tate argues that the Government utilized the service of one or more confidential informants in the investigation leading to the indictment in this case. *Id.* In particular, Tate states that he was initially approached by an individual who was not a law enforcement officer but rather an informant in this matter. R. Doc. 58-1, p. 1. As such, Tate argues that this individual played a key role in alleged criminal transaction set out in the indictment and was present and actively participating at other times in the alleged illegal activity. *Id.*

The Government argues that it is not aware of any confidential informants that are relevant to Tate in this case, but that it will continue to comply with its discovery obligations. R. Doc. 63, p. 2.

"[T]he informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States,* 353 U.S. 53, 59 (1957). Moreover, "By preserving the anonymity of citizens who provide information, the privilege encourages citizens to perform their obligation of communicating to law enforcement their knowledge of the commission of crimes, id., and seeks to protect them by 'mak[ing] retaliation impossible.'" *United States v. Summers*, No. 13-205, 2014 WL 6835800, at *1 (E.D. La. Dec. 14, 2016) (quoting *Brock v. On Shore Quality Control Specialists, Inc.*, 811 F.2d 282, 284 (5th Cir.1987)). "The trial court must determine and balance: (1) the level of the informant's involvement in the alleged activity,

4

(2) the helpfulness of disclosure to the asserted defense, and (3) the government's interest in nondisclosure." *United States v. Singh*, 922 F.2d 1169, 1172 (5th Cir. 1991) (citing *United States v. Diaz*, 655 F.2d 580 (5th Cir. 1981)).

As an initial matter, the Court views Tate's allegations regarding a confidential informant's involvement in the underlying case with extreme skepticism given that the language of Tate's motion is so cookie-cutter that it could be used in any criminal matter concerning any defendant in almost any case.[4] R. Doc. 58-1, p. 1. The Court's doubts are only strengthened by the Government's assertion that it is not aware of any relevant confidential information in the underlying matter. Without more, the Court is not convinced that it should order the Government to reveal the identity and information of the alleged confidential informants—if any should exist. This determination is only strengthened by the fact that Tate has been indicted on one count of being a felon in possession of a firearm and Tate has not demonstrated how any informant could be so involved in Tate's alleged possession to suggest that the confidential informant's information should be revealed. As such, the Court denies Tate's motion to reveal the identity and whereabouts of confidential informants at this time.

**VI.   Motion for Pretrial Disclosure of Government's Intention to Rely on Rule 404(B) Evidence (R. Doc. 59)**

In his sixth motion, Tate seeks an order from the Court directing the Government to disclose whether it intends to rely on Rule 404(b) evidence. R. Doc. 59, p. 1. The Government states that it does not anticipate introducing any evidence that may be strictly Rule 404(b) evidence, but that it also understands its obligations under that Rule. R. Doc. 63, p. 3.

---

[4] The Court further notes that this appears true as to the majority of motions considered in this order, but is particularly relevant here.

Again, the Court notes that the District Court has already issued an order concerning Rule 404(b) evidence, requiring such evidence to be produced no later than Friday April 28, 2017 at 12:00 noon. R. Doc. 67, p. 2. The undersigned sees no reason at this time to alter the District Court's order. The Court denies this motion as moot.

### VII. Motion to Produce Hearsay Statements by Co-Defendants which Implicate the Defendant (R. Doc. 60)

In his seventh motion, Tate seeks an order from the Court to produce all oral or written statements whether recorded or not made by the Co-Defendants that will be related or testified to by government agents, confidential informers, or witnesses and implicate the movant. R. Doc. 60. The Government argues that is has fulfilled its discovery obligations as required in this case and, moreover, that it is not aware of any such hearsay statements made by co-defendants which implicate the defendant in this case. R. Doc. 63.

Here, Tate has cited no authority by which the production of such statements is required except to argue that such statements are not admissible and that he would need to see these statements in advance of trial to make the necessary motions to sever and/or file a motion in limine to exclude such statements. R. Doc. 60, p. 2; R. Doc. 60-1, p. 1. In fact, Tate acknowledges that he is unaware of any such statements at this time. R. Doc. 60, p. 2.

Indeed, under *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court "held that it violates a defendant's rights under the Confrontation Clause to introduce, at a joint trial, the confession of a non-testifying co-defendant that links the defendant to the charged crime." *United States v. Murgio*, ____F. Supp. 3d_____, 2016 WL 5107128, at *17 (S.D.N.Y. Sept. 19, 2016) (citing *Bruton*, 391 U.S. at 135-137). However, "*Bruton* and its progeny, however, do not mandate pretrial disclosure of statements to the defense." *United States v. Munoz,* 736 F. Supp. 502, 504 (S.D.N.Y. 1990). As the Court in *Munoz* explains:

6

> In *Richardson v. Marsh*, the Supreme Court recently examined the methods by which Bruton violations can be detected. Justice Scalia, writing for the majority, concluded that directing the prosecution to share a co-conspirator's statements with the defense during the pretrial stage would be "time consuming," "far from foolproof," and of "doubtful" feasibility.

*Id.* (citing *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). Moreover, given that the Government has stated that no such statements exist, the Court denies Tate's motion at this time. However, the Court cautions the Government that "that it would be wise ... to produce such materials in sufficient time for issues regarding such statements to be resolved pre-trial." *United States v Stein*, 424 F. Supp. 2d 720, 727 (S.D.N.Y. 2006) (internal quotation and citation omitted).

## VIII.  Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion for Discovery and Inspection (R. Doc. 54) is GRANTED.** The Government is ordered to comply with its disclosure obligations under Federal Rule of Criminal Procedure 16.

**IT IS FURTHER ORDERED** that the Defendant's **Motion for Production of Brady and Giglio Material (R. Doc. 55) is DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Defendant's **Motion for Pre-Trial Production of Jencks Act Material (R. Doc. 56) is DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Defendant's **Motion for Government Agent to Retain Rough Notes (R. Doc. 57) is GRANTED.**

**IT IS FURTHER ORDERED** that the Defendant's **Motion for Disclosure of Identity and Whereabouts And for Interview of Confidential Informant(s) (R. Doc. 58) is DENIED.**

**IT IS FURTHER ORDERED** that the Defendant's **Motion for Pretrial Disclosure of Government's Intention to Rely on Rule 404(B) Evidence (R. Doc. 59) is DENIED.**

7

**IT IS FURTHER ORDERED** that the Defendant's **Motion to Produce Hearsay Statements by Co-Defendants which Implicate the Defendant (R. Doc. 60)** is **DENIED**.

New Orleans, Louisiana, this 21st day of December 2016.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**